Damas ANTOINE and Virginia
Pierre, Plaintiffs,

v.

TWIN HARVESTERS, INC., etc., et
al., Defendants.

No. 84–8656–Civ.

United States District Court,
S.D. Florida,
Miami Division.

July 23, 1986.

Florida Rural Legal Services, Inc., Tillie Lacayo and Daniel Aidif, Bartow, Fla., for plaintiffs.

## ORDER GRANTING APPLICATION FOR AN AWARD OF ATTORNEYS' FEES

SPELLMAN, District Judge.

THIS CAUSE came before the Court on the Plaintiffs' Application for an Award of Attorneys' Fees, filed with this Court July 1, 1986. The Defendants have neglected to respond to the application, despite the issuance of an Order to Show Cause by this Court on July 8, 1986.

In its Final Default Judgment, issued June 11, 1986, the Court included an award of attorneys' fees in favor of the Plaintiffs. They have now come before the Court, asking a very reasonable sum for their efforts—$5,861.25.

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court states, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433, 103 S.Ct. at 1939. In the instant case, the two attorneys handling the Plaintiffs' case have submitted affidavits setting forth their hours expended and fee charged. Neither attorney asks for any type of enhancement multiplier, and they

seek only what is generally referred to as the "lodestar" amount.

Under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), the Court must examine the fees claimed by counsel to ascertain their "reasonableness."

As for the time and labor required of counsel in prosecuting their case, it is clear that counsel exercised billing judgment, and seek compensation for only that work which was necessary—little extraneous activity has been included in the affidavits, and it appears that time was efficiently spent. And, although the novelty of the case was minimal, it is often quite difficult to proceed against a party or parties who do not respond to one's pleadings or Court orders. The nature of the case also added to the difficulty enountered by counsel, for by its very definition, *migrant* labor contemplates parties who are not stationary.

Clearly, the fact that no monies would be forthcoming had the Plaintiffs not prevailed can be discouraging, and thus does indicate the contingent nature of the fee awarded by counsel. Although the Court has no curriculum vitae on counsel for review, the Court has found counsel to be capable and diligent in their efforts on this case. Thus, the fees requested by counsel are reasonable for their experience and abilities.

Finally, the Plaintiffs have been awarded almost $25,000.00. Important rights of migrant workers have been vindicated, and hopefully a message has reached the offenders of those rights that the judicial system will not stand by idly and permit illegal acts to be perpetrated against helpless workers.

In conclusion, it appears on the record that counsel for the Plaintiffs have well earned their requested fees of $5,861.25. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Plaintiffs' counsel's application for attorneys fees is GRANTED in the amount of $5,861.25.